OPINION of the Court, by
Ch. J. Boyi e
This *s a wldt error to an order of the Boone county court, displacing the plaintiff in error from the guardianship Qf two of the infant orphans of Archelaus Allaway, deceased* '
'j'hg grst qUestion which is presented for our consideration is, whether this court has jurisdiction of the cause ?
*555 In deciding a question of this sort, the constitu-don and the acts of assembly of tins siate, furnish the only rules by which we can be governed. The common law may indeed be of use in explaining the terms employed in granting or restricting the powers delegated by the constitution and the acts of assembly, but cannot of itself either enlarge or curtail the jurisdiction of this court. By the 11th section of the act of 1796, esta-Wishing the court of appeals, it is provided “ that in cases in which she inferior courts have cognizance, the court ot appeals shall have appellate jurisdiction, under the regulation respecting appeals and writs of error therein after mentioned.” By the first part of the 13th section, the right of appeal is limited to certain cases, but in a subsequent part of the same section it is de-dared “that writs of error, when demanded, shall issue as a matter of right, except in criminal cases, brought before and determined by the district courts,
These provisions are certainly couched in very gen* eral language, and if unrestricted and unexplained by the constitution and other acts of the legislature, would be sufficient to give appellate jurisdiction to this court, in ail cases in which the interior courts have authority to act, except in those of a criminal nature which were cognizable in the district courts. But it is plain that the general import of these provisions must be subject to the restrictions imposed by the constitution and oche» acts of the legislature.
The constitution has vested in this court judicial powers only, while it has confer.ed upon the county courts a considerable share of executive authority, particularly in relation, to the appointment of inferior officers. The appellate jurisdiction of this court, camiol therefore, without a violation of the constitution, be made to extend to every case in which the county courts have authority to act, but must be confined tu such as are of a judicial nature., The removal of a guardian does not appear to be a case of this description in every judicial case there are regularly three persons, the actor i reus and judex, and it is essential to such a case that it should depend upon fixed and established rules ; but in removing a guardian the county court may act upon their own knowlege, or even suspicion, without the intervention of an actor or plaintiff, and according *556 to their discretion, uncontroled by any settled rules, The removal of an officer, the tenure of whose office is the will of a superior, is in all governments considered an executive function. A guardian being a private and not a public officer, does not change the character of the power exerted in his removal. Whether the office be public or private, the nature and character of the power of removal will he the same.
In either case if it is to be exercised according to established rules and in a regular mode of proceeding, it will be judicial; but if its exercise depends upon the will or discretion of the functionary who performs it, it must be executive.
There is another point of view in which if this casé-is considered, it will be apparent that this court has not jurisdiction of it. Of cases cognizable in the inferior courts, the act establishing the court of appeals, has, as was before suggested, excepted from the jurisdiction of this court, those only of a criminal nature cognizable in the district courts. But by various other acts of the legislature, additional exceptions from its appellate jurisdiction are made ; some of these are en, acted by express words for the purpose, but others are inferred by necessary implication ; and surely the implication in any case cannot be stronger than in a case like the present, where the law has invested the inferior court with a discretion subject to. no settled rules to control it. Whether therelore the removal of a guardian is considered as a judicial or an executive function, it is equally clear that this court has not jurisdiction of the case.
It is therefore considered by the court, that the writ p| error be quashed.